IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KRISTIE VINSON,** | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MEDCOR, INC.; and** | ) | |
| **GILBANE BUILDING COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Medcor, Inc. hereby provides notice of removal of this action. In support of removal, Medcor states the following:

1. The above-caption action commenced with Plaintiff's Complaint and Jury Request ("Complaint"), filed on April 5, 2023, in the Kalamazoo County, Michigan Circuit Court, Case No. 23-0189-CZ. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings from the Kalamazoo County, Michigan Circuit Court is attached hereto as **Exhibit A.**

2. According to her Complaint, Plaintiff is a citizen of Kalamazoo County, Michigan.

3. The Complaint named two defendants: Medcor, Inc. and Gilbane Building Company (collectively, the "Defendants"). Medcor, Inc. is incorporated and has its principal place of business in Illinois. Gilbane Building Company is incorporated and has its principal place of business in Rhode Island. Accordingly, Medcor, Inc. is a citizen of Illinois and Gilbane Building Company is a citizen of Rhode Island.

4. Plaintiff's counsel e-mailed a copy of the Complaint to counsel for Defendant Medcor, Inc. and requested that Defendant Medcor, Inc. accept service of the Complaint by email on its counsel in lieu of formal service. A copy of email correspondence from Sarah Riley Howard to Paul Starkman, dated April 14, 2023, is attached hereto as **Exhibit B**.

5. On May 12, 2023, counsel for Defendant Medcor, Inc. informed Plaintiff's counsel that he was authorized to accept service of the Complaint on behalf of Defendant Medcor, Inc. provided that Plaintiff agreed to allow Defendant Medcor, Inc. to get 60 days to answer or otherwise plead. A copy of email correspondence from Sarah Riley Howard to Paul Starkman, dated May 12, 2023, is attached hereto as **Exhibit C**.

6. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1332. Complete diversity exists between the parties: Plaintiff is a citizen of Michigan while Defendants are citizens of Illinois and Rhode Island. Plaintiff's Complaint alleges "[t]he amount in controversy exceeds $25,000, exclusive of costs and attorney fees" and seeks damages for "mental anguish and emotional distress," "costs and reasonable attorneys fees," and "economic and compensatory damages." (*See* Compl. ¶ 7, and Relief Sought for Counts I and II.) Among the "economic and compensatory damages" that plaintiff seeks to recover are back pay and front pay, of which plaintiff was making $50,000 per year in salary, not including benefits and other compensation. Therefore, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

7. Further, Plaintiff did not file a binding stipulation or affidavit in state court prior to removal limiting her damages to less than $75,000 as the Sixth Circuit has advised. *See Mitchell*

*v. White Castle Systems, Inc.*, 86 F.3d 1156, at *2, fn. 2 (6th Cir. 1996)(finding Plaintiff's post-removal stipulation that the amount in controversy was less than $50,000 to be unavailing). Thus, removal is proper under 28 U.S.C. § 1441(b) and § 1446(c) as well as Local Rule 81.1.

8. Venue is proper pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the Western District of Michigan, Southern Division, because Plaintiff's claims allegedly arose in this District.

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the complaint by Defendant Medcor, Inc.

10. On June 8, 2023, counsel for Medcor, Inc. received counsel for Gilbane Building Company's consent to remove this matter to federal court.

11. A Notice of Filing of this Notice of Removal is being contemporaneously served upon Plaintiff's counsel and filed with the Kalamazoo County, Michigan Circuit Court. A copy of the Notice of Filing is attached hereto as **Exhibit D.**

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-described action pending in the Kalamazoo County, Michigan Circuit Court to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it as a matter properly removed thereto.

/s/ *Marshall W. Grate*
Paul E. Starkman (IL ARDC #6188548)
Marshall W. Grate (P37728)
Jessica A. Milligan (P77549)
Clark Hill PLC
200 Ottawa Ave. NW, Suite 500
Grand Rapids, MI  49503
(616) 608-1100
pstarkman@clarkhill.com
mgrate@clarkhill.com
jmilligan@clarkhill.com
*Attorneys for Defendant Medcor, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 9, 2023, a true and correct copy of the foregoing was served via email and first class mail upon:

Sarah Riley Howard (P58531)
Crystal J. Bultje (P80276)
Pinsky Smith, PC
146 Monroe Center St. NW, Suite 418
Grand Rapids, Michigan 49503
(616) 451-8496
showard@pinskysmith.com
cbultje@pinskysmith.com

*Attorneys for Plaintiff*

                                            /s/ *Renee C. Fell*